**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **ROY EUGENE HARRIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:04CV82-DJS |
| ) | |
| **ROBERT HAMPTON, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Roy Harris, an inmate in the Missouri Department of Corrections (MDOC), filed the instant action alleging a violation of his Eighth Amendment rights under 42 U.S.C. §1983. On April 18, 2005, the Court dismissed plaintiff's claims against MDOC officials George Lombardi and Gary Kempker and Correctional Medical Services ("CMS") officials Gerald Jorgenson, Tom Baker, John Treu and Richard Miles. The only remaining claims are those asserted against defendants Robert Hampton and Gale Bailey. Now before the Court is the motion to dismiss brought by defendants Hampton and Bailey pursuant to 42 U.S.C. §1997e for plaintiff's failure to exhaust his administrative remedies.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title, or any other Federal law, by a prisoner confined in any jail prison or other correctional facility until such administrative remedies as are available are exhausted."

> Beyond doubt, Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to

> this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (internal quotations and citations omitted). Even when an "inmate [is] seeking only money damages [he] must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Booth v. Churner, 532 U.S. 731, 734 (2002). Following the decisions in Porter and Booth the Eighth Circuit stated that "an inmate must exhaust administrative remedies *before* filing suit in federal court." Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). "If exhaustion [is] not completed at the time of filing, dismissal is mandatory." Id.

In order for a "Missouri prisoner [such as plaintiff] to exhaust all available administrative remedies . . . the prisoner must file an Informal Resolution Request (IRR), an Inmate Grievance, and an Inmate Grievance Appeal." Foulk v. Charrier, 262 F.3d 687, 694 (8th Cir. 2001). Here, plaintiff filed an IRR, Inmate Grievance, and Inmate Grievance Appeal concerning the medical treatment provided by Dr. Hampton. In his IRR, plaintiff alleges that Dr. Hampton failed to properly treat plaintiff for

high blood pressure and blood in his urine. Plaintiff's IRR makes no mention of Ms. Bailey, however the IRR response is signed by Ms. Bailey and indicates that plaintiff was scheduled for further testing. Two weeks later, plaintiff filed a Inmate Grievance stating that his "complaint is basically the same" against Dr. Hampton and that despite "the response to my I.R.R. by Ms. Bailey NOTHING HAS BEEN DONE TO DATE, to find out what the problem is." Defs.' Mot., Doc. #33, Ex. 3, p. 5 (emphasis in original). The Inmate Grievance was denied and plaintiff subsequently filed an Inmate Grievance Appeal. The Grievance Appeal again complains of the treatment provided by Dr. Hampton, however like the I.R.R. the Grievance Appeal makes no mention fo Ms. Bailey.

In his complaint, plaintiff alleges that Dr. Hampton provided inadequate medical care by prescribing plaintiff blood pressure medication that caused an elevation in plaintiff's blood pressure levels and by failing to adequately treat blood in plaintiff's urine. Plaintiff also alleges that he was taken off all blood pressure medication by Dr. Hampton per the request of Ms. Bailey. After careful review, the Court finds that plaintiff exhausted his administrative remedies with regard to his allegations against Dr. Hampton.

However, plaintiff has not exhausted his administrative remedies with regard to the allegations against Ms. Bailey. "When multiple . . . claims have been joined, as in this case, the plain language of §1997e(a) requires that all available prison grievance

remedies must be exhausted as to all of the claims." <u>Graves v. Norris</u>, 218 F.3d 884, 885 (8th Cir. 2000). Moreover, a prisoner must exhaust the administrative remedies with regard to each party against whom he has claims. <u>See</u> <u>Nelson v. McCarrell</u>, 21 Fed.Appx. 539 (8th Cir. 2001). No where in his prison grievances does plaintiff make any allegations that Ms. Bailey was involved in his treatment or that Ms. Bailey requested that Dr. Hampton discontinue all blood pressure medication to plaintiff. The only mention of Ms. Bailey in any of plaintiffs's prison grievances was in the Inmate Grievance where plaintiff states that Ms. Bailey responded to his I.R.R. Therefore, plaintiff has failed to exhaust his administrative remedies and defendants' motion to dismiss will be granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss pursuant to 42 U.S.C. §1997e [Doc. #33] of defendants Bailey and Hampton is granted in part as follows. Plaintiffs' claims against defendant Bailey will be dismissed for failure to exhaust administrative remedies. In all other respects the motion to dismiss is denied.

Dated this ___14th___ day of July, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE